# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

JEFFREY HOSMER,

Plaintiff,

v.

ADAM PAUL LAXALT, *et al.*,

Defendants.

Case No. 3:17-cv-00064-MMD-VPC

ORDER

## I. DISCUSSION

On March 15, 2017, this Court dismissed Plaintiff's case, without prejudice, for failure to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee in compliance with this Court's February 3, 2017, order. (ECF No. 9 at 3.) On April 4, 2017, Plaintiff filed another incomplete application to proceed *in forma pauperis* and a letter which stated that the clerks "failed" to file his application to proceed *in forma pauperis*. (ECF No. 11; ECF No. 11-1 at 1.) That same day, Plaintiff filed a motion for decision for Plaintiff by default of Court's mistake. (ECF No. 12 at 1.) In that motion, Plaintiff directs the Court to look at his post-conviction case filed March 8, 2017, Judge Miley's order filed March 17, 2017, and his civil suit in 3:17-cv-56-RCJ-WGC. (*Id.*) Plaintiff argues that this demonstrates obvious misconduct of court clerks. (*Id.* at 2.) Plaintiff also filed a notice of appeal. (ECF No. 13.)

On April 27, 2017, the Ninth Circuit issued an order stating that Plaintiff's April 4, 2017, filings "appear to contend that he did submit a timely application to proceed *in forma pauperis*, and may be requesting that the district court reconsider its March 15, 2017

order." (ECF No. 15 at 1.) The Ninth Circuit stated, "[a]lthough not labeled as such, [Plaintiff's] April 4, 2017 filing may constitute one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4)." (*Id.*) The Ninth Circuit stated that it would hold Plaintiff's appellate case in abeyance "pending the district court's consideration of whether [Plaintiff's] April 4, 2017 filing constitutes one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4) and, if so, whether the motion should [be] granted or denied." (*Id.* at 1-2.)

Federal Rule of Appellate Procedure 4(a)(4)(iv) provides: "If a party files in the district court [a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59]—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."

The Court interprets Plaintiff's April 4, 2017, motions as motions for reconsideration under Rule 59. A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies the motions for reconsideration (ECF Nos. 11, 12). As explained in the Court's February 3, 2017, order, Plaintiff must complete an application to proceed *in forma pauperis on this Court's approved form* and attach both an inmate account statement for the past six months and a properly executed financial certificate. (ECF No. 3 at 1.) Plaintiff originally submitted an application to proceed *in forma pauperis* on a state

court form and did not include any of the required attachments. (ECF No. 1.) After the Court dismissed the case, Plaintiff submitted the first three pages of this Court's approved application to proceed *in forma pauperis* but did not submit a properly executed financial certificate *on this Court's approved form* and did not submit an inmate account statement. (ECF No. 11.) Plaintiff's references to his other cases do nothing to demonstrate his ability to file a fully complete application to proceed *in forma pauperis* in this case. Plaintiff must file a fully complete application to proceed *in forma pauperis* in each case he files. As such, the Court denies the motions for reconsideration (ECF Nos. 11, 12.)

## II. CONCLUSION

For the foregoing reasons, it is ordered that the Court construes the motions filed in ECF Nos. 11 and 12 as motions for reconsideration. So construed, the motions for reconsideration (ECF Nos. 11, 12) are denied.

DATED THIS 1st day of May 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE